UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ALAN GRAY, JR.,<br><br>Defendant. | No. 2:06-CR-2017-LRS-1<br><br>**ORDER GRANTING 28 U.S.C. § 2255 MOTION TO VACATE SENTENCE AND SETTING RESENTENCING**<br><br>**ACTION REQUIRED** |

BEFORE THE COURT is Petitioner Joseph Alan Gray's expedited Motion to Vacate Sentence and for Immediate Release (ECF NO. 67) filed with the assistance of counsel under 28 U.S.C. § 2255.  Petitioner is a federal prisoner, convicted in this Court, asserting he is serving an illegal enhanced sentence in excess of the maximum authorized by law because his burglary convictions do not constitute predicate offenses under the Armed Career Criminal Act (ACCA).  The Government opposes the Motion. Petitioner filed a Reply. The Court heard oral argument by counsel on January 12, 2016.   Petitioner was not present. *See* Fed.R.Crim.P. 43.  The Court having reviewed the briefing, arguments, and record, concludes the Petitioner's claim is cognizable under § 2255 and vacates Defendant's career offender sentence.

**I.    BACKGROUND**

ORDER - 1

On June 22, 2006, Joseph Gray pled guilty in this Court to felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1) and 18 U.S.C § 924(e) pursuant to a Rule 11(c)(1)(C) plea agreement (ECF No. 57). *See* Fed.R.Cr.P. 11(c)(1)(C). In September 2006, the Court sentenced Gray to 180 months' imprisonment, the exact term the Court was bound to impose after it accepted the parties' plea agreement. While Gray's conviction under § 922(g)(1) would typically carry a maximum sentence of ten years, the parties agreed he had three burglary convictions that qualified as "violent felonies" under the ACCA and was therefore subject to a fifteen-year mandatory minimum sentence under 18 U.S.C. § 924(e).  The predicate offenses set forth in the plea agreement were Washington state court convictions for Second Degree Burglary under RCW 9A.52.030 (1/15/1991 and 1/12/2004) and for two counts of Residential Burglary under RCW 9A.52.025 (2/6/1995).  (ECF No. 57 at 7).

On December 21, 2015, with the assistance of counsel, Gray filed a Motion to Vacate his sentence under 28 U.S.C. § 2255.  As the sole ground for relief, Petitioner contends he is "actually innocent" of the sentencing enhancement based upon his prior criminal history.  Specifically, Petitioner argues his burglary convictions did not qualify as violent felonies under the enumerated offense "burglary" under § 924(e)(2)(B)(ii) and any sentence resting on the  residual  clause violated the Constitution's guarantee of due process as announced by the Supreme Court on June

ORDER - 2

26, 2015 in *Johnson v. United States*, 135 S.Ct. 2251 (2015). Without the ACCA designation, he would have faced a maximum 10-year term of imprisonment, time Petitioner asserts he has already served.

## II.    LEGAL STANDARD UNDER 28 U.S.C. § 2255

A person in custody under a sentence of a federal court may seek to vacate that conviction under 28 U.S.C. § 2255(a) if (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) if the Court was without jurisdiction to impose such a sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. Relief under § 2255(a) is warranted only where a petitioner has shown a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (*quoting Hill v. United States*, 368 U.S. 424, 429 (1962)).

The Government does not assert that the Petitioner's claim is barred by the waiver contained in his plea agreement.  Nor does the Government argue procedural default.  It argues only the merits of whether or not Petitioner's prior convictions qualify under 18 U.S.C. § 924(e).   The Court finds that Defendant has adequately stated a cognizable claim under § 2255.

## III.    DISCUSSION

### A. The Armed Career Criminal Act

ORDER - 3

A prior conviction can qualify as a predicate "violent felony" under the ACCA if it "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii). The last portion of the definition, in italics, is referred to as the residual clause and was held to be unconstitutional in *Johnson v. United States*, 135 S.Ct. 2251 (2015). *Johnson* did not call into question application of the ACCA "to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S.Ct. 2251, 2563 (2015).

The parties are in agreement on the sole issue this Court must decide: whether Petitioner's Washington state burglary convictions qualify as predicate offenses under the federal definition of the enumerated offense "burglary" under the ACCA. For convictions based on one of the enumerated offenses, e.g., burglary, the enhancement provision is not triggered simply because the crime "happened to be labeled ... 'burglary' by the laws of the State of conviction." *Taylor v. United States*, 495 U.S. 575, 588 (1990). Rather, in drafting the ACCA, Congress was concerned with "crimes having certain specified elements." *Id*. The Government implicitly concedes that if successful on this claim, the Defendant is entitled to the relief requested. Accordingly, this case does not warrant the Court's exploration of whether *Johnson* applies retroactively, an issue the Ninth Circuit has not yet reached. The Court accepts the Government's implicit concession of retroactivity in this case

ORDER - 4

as evidenced by not arguing the application of the residual clause in opposing Gray's entitlement to relief. *See e.g., Woods v. U.S.*, 805 f.3d 1152 (8th Cir. 2015)(granting authorization for successive § 2255 motion based upon the Government's concession that *Johnson* is retroactive).

### B. Categorical Analysis

To determine whether Petitioner's second degree and residential burglary convictions under Washington law match the generic burglary offense enumerated in § 924(e)(2)(B)(ii), the Court employs the categorical approach of "compar[ing] the elements of the statute forming the basis of the conviction with the elements of the 'generic' crime—i.e., the offense as commonly understood." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013). If the elements of Washington's burglary statutes "are the same as, or narrower than, those of the generic offense," *id.*, Gray's prior convictions categorically qualify as ACCA predicate offenses.

A person is convicted of generic burglary for the purpose of enhanced sentencing under the ACCA "if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). "Building" or "structure" has been interpreted to mean "a structure designed for occupancy that is intended for use in one place." *U.S. v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007).

In 2004, Petitioner was convicted under section 9A.52.030 of the Revised Code of Washington which provided:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters *or remains unlawfully in a building* other than a vehicle or a dwelling.[1]

"Building" included its ordinary meaning and "any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods." Wash.Rev.Code § 9A.04.110(5). At the time of Petitioner's 1995 convictions for residential burglary the Washington state statute, Wash.Rev.Code § 9A.52.025, provided:

> A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters *or remains unlawfully in a dwelling* other than a vehicle.

"Dwelling" included "any *building* or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging." Wash.Rev.Code § 9A.04.110(7).

Washington's burglary statutes are not a categorical match to the generic burglary definition because their elements criminalize conduct that fall both within

---

[1] At the time of Gray's 1991 conviction, the statute did not contain the phrase "or a dwelling." This difference does not impact the Court's analysis.

ORDER - 6

and outside the scope of the generic crime due to Washington's expansive interpretation of "building" and alternative means for conviction by remaining unlawfully, which does not require "an unlawful entry along the lines of breaking and entering." *Descamps*, 133 S.Ct. at 2285. This same conclusion has been reached by the Ninth Circuit and a number of district courts. *See e.g., U.S. v. Wenner*, 351 F.3d 969, 972 (9th Cir. 2003)(analyzing § 9A.52.025); *U.S. v. Wilkinson*, 589 Fed.Appx. 348 (9th Cir. 2014)(unpublished)("9A.52.025 is broader than generic burglary because it does not require an unlawful entry along the lines of breaking and entering."); *Summers v. Feather*, 2015 WL 4663277 (D.Or. Aug. 5, 2015)(analyzing §9A.52.030); *Murray v. U.S.*, 2015 WL 7313882 (W.D.WA Nov. 19, 2015)( analyzing §9A.52.030); *U.S. v. Hines*, 2015 WL 8668222 (E.D.WA Dec. 11, 2015)(analyzing §9A.52.030).  Courts interpreting their own substantially similar state statutes have also recently reached the same conclusion. *See e.g., U.S. v. Bayya*, 2015 WL 8751795 (D. Or. Dec. 14, 2015)(Oregon law); *U.S. v. Brumback*, 614 Fed.Appx 88 (6th Cir. 2015)(unpublished)(Kentucky law).

The Government contends these cases, including *Wenner*, misapply the law because all that is relevant to the categorical analysis "is only the elements in the …statutes themselves, not the overbroad definition of "building" or "dwelling" in other statutes." (ECF No. 71 at 6).  *Wenner* has not been overruled.  The purpose of the categorical approach is to determine whether the full range of conduct

proscribed by the statute of conviction falls within the meaning of the generic offense; a conviction will qualify as an ACCA predicate offense only if the state statute punishes the same acts as, or narrower acts than, those defined in federal law. To do this, the Court must ascertain the elements of the state offense *and their meaning* so that it can be compared to the federal definition. The Court can, and in this instance must, look to state definitional statutes and/or state case law. This approach has been consistently taken by the Supreme Court and the Ninth Circuit including in the case cited by the Government, *U.S.* v. *Simmons*, 782 F.3d 510 (9th Cir. 2015). *See e.g., Johnson v. United States*, 559 U.S. 133, 138 (2010)(holding that it was in fact "bound by the Florida Supreme Court's interpretation of state law, including its determination of the elements of" the state crime of conviction); *see also, e.g., Sykes v. United State*s, 131 S. Ct. 2267, 2271, 2275 (2011) (relying on state court caselaw interpreting the elements of a state crime in applying the categorical approach); *James v. United States*, 550 U.S. 192, 202-03 (2007) (same); *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 190-94 (2007) (same).

Washington's second degree and residential burglary statutes are not a categorical match for generic burglary.

**C. Divisibility**

The factual inquiries into the Petitioner's convictions appropriate under the "modified categorical approach" only apply in a "narrow range of cases" in which a

ORDER - 8

divisible statute "renders opaque which element played a part in the defendant's conviction." *Descamps*, 133 S.Ct. at 2283. A divisible statute is one whose statutory language defines the elements "alternatively" and so "effectively creates several different crimes," or otherwise stated, the language "comprises multiple, alternative versions of the crime" where "[i]n a typical case ... the prosecutor charges one of those two alternatives and the judge instructs the jury accordingly." *Descamps*, 133 S.Ct. at 2284.  The Ninth Circuit in *Rendon v. Holder* clarified how to distinguish divisible from indivisible statutes. 764 F.3d 1077, 1084–90 (9th Cir. 2014). "Divisibility hinges on whether the jury must unanimously agree on the fact critical to the federal statute." *Lopez-Valencia v. Lynch*, 798 F.3d 863, 868-869 (9th Cir. 2015)(citing *Rendon*, 764 F.3d at 1085 ("[A] jury faced with a divisible statute must unanimously agree on the particular offense of which the petitioner has been convicted....")). "By contrast, a statute is indivisible if 'the jury may disagree' on the fact at issue 'yet still convict.'" *Id.* at 869.

Washington's residential and second degree burglary statutes are indivisible. Washington case law, Washington's pattern jury instructions, and the charging documents herein confirm that Washington law does not require juror unanimity about the type of building or dwelling or the alternative means of entering or remaining unlawfully.  *See discussion in Wilkinson*, 589 Fed.Appx. 348 (2014)(unpublished); *Summers v. Feather*, 2015 WL 4663277 (D.Or. Aug. 5, 2015);

*Murray v. U.S.*, 2015 WL 7313882 (W.D.WA Nov. 19, 2015); and *U.S. v. Hines*, 2015 WL 8668222 (E.D.WA Dec. 11, 2015). Even assuming arguendo that the statute is divisible, there is no showing that the modified categorical approach would alter the outcome here. *See* ECF No. 72 (Reply) at 14-15.

## IV. CONCLUSION

Gray's Washington state burglaries do not properly form the basis for the ACCA sentencing enhancement under the enumerated crimes clause of § 924(e)(2)(B)(ii) and the Government has implicitly conceded that no other part of the definition of "violent felony" applies. Accordingly, Gray has established that he is serving an illegal sentence under the ACCA and he is entitled to be resentenced absent the ACCA enhancement.

**ACCORDINGLY IT IS HEREBY ORDERED:**

1. Petitioner's Motion to Vacate Sentence and for Immediate Release (**ECF No. 67**) is **GRANTED**.

2. Petitioner's sentence imposed pursuant to the Armed Career Criminal Act, ECF No. 61, is **VACATED**.

3. The Bureau of Prisons shall immediately calculate whether Joseph Alan Gray, Jr. has served ten years of imprisonment on this conviction. **If Gray has already served ten years, he shall be immediately released without delay**.

ORDER - 10

4.　　Petitioner will be resentenced on the underlying conviction on **March 3, 2016 at 10:30 a.m.** in Yakima, Washington before the undersigned. Petitioner must be present at this hearing.

5. An expedited Amended Presentence Investigation Report shall be prepared in advance of sentencing reflecting this Court's ruling and without application of the Armed Career Criminal Act. Any objections or memorandum regarding sentencing shall be filed on an expedited basis and not later than 7 days prior to re-sentencing.

6. The United States Probation Office shall assign a Pretrial Services Officer to supervise Petitioner pending resentencing. The Office shall inform defense counsel of the officer assigned immediately.

7. Petitioner shall be subject to the following pre-sentencing conditions of release:

(1) Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

(2) Defendant shall advise defense counsel and the assigned probation officer of his residence address and telephone number. Defendant shall advise the Court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(3) Defendant shall appear at all proceedings as required.

ORDER - 11

(4) Defendant shall not possess a firearm, destructive device or other dangerous weapon.

(5) Within 24 hours of receiving the identity of his probation officer, Petitioner shall contact said officer telephonically or in person and shall report as often as they direct, at such times and in such manner as they direct.

(6) Defendant shall notify U.S. Probation within 24 hours of any change of address, telephone number, or employment.

(7) Defendant shall contact defense counsel at least once a week.

(8) Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

(8) Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant may not possess or use marijuana, regardless of whether Defendant has been prescribed a medical marijuana card.

**(9)** Prohibited Substance Testing: If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month. Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing. Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and the treatment vendor. Treatment shall not interfere with Defendant's court appearances.

ORDER - 12

**(10)** Substance Abuse Evaluation and Treatment: Defendant shall undergo a substance abuse evaluation as directed by a U.S. Probation Officer. Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment. If Defendant fails in any way to comply or cooperate with the requirements and rules of a treatment program, Pretrial Services shall notify the court and the U.S. Marshal, who will be directed to immediately arrest the Defendant.

**IT IS SO ORDERED.** The District Court Executive shall file this Order, provide copies to counsel, Probation, and the U.S. Marshal Service who **shall immediately** serve a copy to the Bureau of Prisons.

DATED this 19th day of January, 2016.

s/Lonny R. Suko
_____
LONNY R. SUKO
SENIOR U. S. DISTRICT COURT JUDGE

ORDER - 13